UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jacqueline Rodriguez, | Case No. 18-cv-3037 (NEB/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| PJ Hafiz Club Management Inc., | |
| Defendant. | |

---

This case is before the Court on Plaintiff Jacqueline Rodriguez's ("Rodriguez") Motion for Protective Order (Dkt. No. 36) ("Motion for Protective Order") and Motion to Quash or Compel Defendant's Notice of Deposition (Dkt. No. 37) ("Motion to Quash"). On April 24, 2019, Defendant PJ Hafiz Club Management, Inc. ("PJ Hafiz") noticed Rodriguez's deposition for May 30, 2019 to occur in Minneapolis, Minnesota. (Dkt. No. 41-1, Ex. C.) In her Motions, brought under Federal Rules of Civil Procedure 26 and 45, Rodriguez asserts that she is a resident of Arizona and has no income, so she is unable to travel to Minnesota for the deposition.[1] (*See generally* Dkt. Nos. 36, 37.) Rodriguez asks the Court to preclude PJ Hafiz from deposing her or, in the alternative, order PJ Hafiz to depose her via written questions or by other means. (Dkt. No. 36 at 8.) For the

---

[1] The Motions are supported by what appear to be identical memoranda of points and authorities (*compare* Dkt. No. 36 at 4-8, *with* Dkt. No. 37 at 3-8), although Rodriguez's memorandum in support of her motion to quash has a blank page (Dkt. No. 37 at 6). The Court will cite only to Dkt. No. 36 when referring to Rodriguez's arguments.

reasons stated below, the Motion for Protective Order and the Motion to Quash are denied.

## I. BACKGROUND

Rodriguez filed this case *pro se* on October 29, 2018, alleging sexual harassment, negligence, breach of duty, intentional infliction of emotional distress, and battery relating to an alleged September 15, 2018 incident at Sneaky Pete's, a Minneapolis, Minnesota bar managed by PJ Hafiz. (Dkt. No. 1 at 1, 3.) Rodriguez alleged that she is a resident of Flagstaff, Arizona and was visiting Minneapolis, Minnesota on the date of the alleged incident. (*Id.* at 2.)

At the same time as the Complaint, Rodriguez filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), in which she declared under penalty of perjury that she had had no income for the last twelve months. (Dkt. No. 2 at 1.) She also declared under penalty of perjury that she had no assets and no cash and did not expect any major changes to her monthly income or assets during the next twelve months. (*Id.* at 3, 5.) The Court granted Rodriguez's IFP Application. (Dkt. No. 3.) The Court held an Initial Pretrial Conference on January 31, 2019, at which Rodriguez appeared by telephone. (Dkt. No. 14.) On February 4, 2019, the Court issued the Pretrial Scheduling Order, which set August 30, 2019 as the close of fact discovery. (Dkt. No. 16 at 3.)

PJ Hafiz has taken two depositions of non-party witnesses, neither of which was attended by Rodriguez. (Dkt. No. 40 at 2.) On April 24, 2019, PJ Hafiz noticed Rodriguez's deposition for May 30, 2019 at its counsel's offices in Minneapolis,

Minnesota. (Dkt. No. 41-1, Ex. C.) On April 30, 2019, Rodriguez sent PJ Hafiz a document called "Stipulations to Defendant's Deposition Request" (Dkt. No. 38-1, Ex. B) arguing that she would be unable to travel to Minnesota for a deposition. In the "Stipulations," Rodriguez declared under penalty of perjury that she had "zero income and no means of paying to travel 1,500+ miles to be present in person" for her deposition. (*Id.*) On May 14, 2019, Rodriguez sent PJ Hafiz a letter objecting to the location of the deposition and asking whether the deposition could be taken telephonically, by video conference, or written questions. (Dkt. No. 38-5, Ex. F.) PJ Hafiz responded by offering to reschedule the deposition at a more convenient time for Rodriguez, but insisted that the deposition be in person because counsel planned to use diagrams or photographs of the bar as exhibits to the deposition. (Dkt. No. 38-6, Ex. G.)

On May 20, 2019, Rodriguez filed the present Motions. (Dkt. Nos. 36, 37.) Rodriguez contends that she is unable to travel over 1,500 miles from Flagstaff, Arizona to Minneapolis, Minnesota because she "has no income and has no means of paying to travel" that distance. (Dkt. No. 36 at 7.) On May 30, 2019, PJ Hafiz filed its opposition to the Motions. (Dkt. No. 40.) PJ Hafiz contends Rodriguez should be required to travel to Minnesota for her deposition because she chose to sue PJ Hafiz in Minnesota, because granting Rodriguez's Motion for Protective Order "would require Defendant, Defendant's Counsel, and a representative from Defendant's insurer" to travel to Arizona to attend, and because PJ Hafiz's counsel intends to have Rodriguez annotate certain figures and exhibits at her deposition and cannot accomplish this effectively or efficiently via telephone or video conferencing. (*Id.* at 5-6.)

3

In support of her Motions, Rodriguez relied on general assertions that she does not have any income or means of paying travel costs and on the IFP application submitted under penalty of perjury and dated October 26, 2018 (Dkt. No. 2). Accordingly, in an Order dated June 26, 2019, the Court required Rodriguez to supplement the record with a notarized affidavit or a declaration that complied with the requirements of 28 U.S.C. § 1746 that set forth her current financial condition and describe in detail why she is financially unable to travel to Minnesota for her deposition, including identification of (1) all of Rodriguez's income (whether through employment, self-employment, disability payments, public assistance, or other sources), (2) all of Rodriguez's assets, and (3) all of Rodriguez's liabilities and expenses. (Dkt. No. 44.) The deadline for Rodriguez's supplementation passed on July 3, 2019, but to date, Rodriguez has not supplemented the record nor requested additional time to do so.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1)(B) states that "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery."[2] The burden is on the movant to show the "good cause" required for issuance of the protective order. *Gen.*

---

[2]     Rodriguez cites "Code of Civil Procedure § 2025.420" in her memorandum. This appears to be a reference to California Code of Civil Procedure § 2025.420, titled "Objections, Sanctions, Protective Orders, Motions to Compel, and Suspension of Depositions." The California Code of Civil Procedure does not apply to this federal action venued in the District of Minnesota.

*Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). "To make this showing, the moving party cannot rely on broad or conclusory allegations of harm." *Northbrook Digital, LLC v. Vendio Servs., Inc.*, 625 F. Supp. 2d 728, 757 (D. Minn. 2008) (citing *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n.16 (1981)). Nonetheless, "[i]t is well settled that the district court has great discretion in designating the location of taking a deposition . . . ." *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975) (citing *Terry v. Modern Woodmen of Am.*, 57 F.R.D. 141 (W.D. Mo. 1972)).

### III. DISCUSSION

**A. Federal Rule of Civil Procedure 45 Does Not Apply to Rodriguez's Deposition.**

Rodriguez seeks relief with respect to her deposition pursuant to Federal Rule of Civil Procedure 45, which is the Rule that relates to subpoenas. In particular, she argues that she cannot be required to attend a deposition in Minnesota because she does not live within 100 miles of Minnesota, nor is she employed in Minnesota. (*See* Dkt. No. 36-1, Ex. B at 2.) However, PJ Hafiz noticed Rodriguez's deposition pursuant to Federal Rule of Civil Procedure 30, not pursuant to a Rule 45 subpoena. (Dkt. No. 41-1, Exs. C, D.) Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." It has long been the case that "'[i]t is not necessary to serve a subpoena on a party.'" *Peitzman v. City of Illmo*, 141 F.2d 956, 960 (8th Cir. 1944) (quoting *Spaeth v. Warner Bros. Pictures*, 1 F.R.D. 729, 730 (S.D.N.Y. 1941)); *see also* Fed. R. Civ. P. 45 committee's notes to 2013

5

amendment ("Depositions of parties, and officers, directors, and managing agents of parties need not involve use of a subpoena."). Because PJ Hafiz properly noticed Rodriguez's deposition under Rule 30, and not by subpoena under Rule 45, the 100-mile limitation in Rule 45(c)(1)(A) and the "within the state where the person resides, is employed, or regularly transacts business in person" limitation of Rule 45(c)(1)(B)(1) if the person is a party are inapplicable.[3] The Court therefore denies Rodriguez's Motion to Quash and Motion for Protective Order to the extent they are based on Rule 45.

**B.    Rodriguez Has Not Shown that Requiring Her Deposition to Occur in Minnesota Would Impose an Unduly Heavy Burden.**

Rodriguez also seeks a protective order under Rule 26(b)(2)(C) precluding PJ Hafiz from taking her deposition entirely or, in the alternative, requiring PJ Hafiz to depose her via written questions or other means. (Dkt. No. 36 at 5, 8.) The basis for Rodriguez's motion is that she is financially unable to travel to Minnesota for her deposition. PJ Hafiz counters that Rodriguez's contentions regarding her financial condition lack evidentiary support and that because she "has chosen the forum [the District of Minnesota] voluntarily, [she] should expect to appear there for any legal proceedings." (Dkt. No. 40 at 4.) PJ Hafiz also contends the equities favor requiring Rodriguez to travel to Minnesota because permitting the deposition to go forward in Arizona would require "Defendant, Defendant's Counsel, and a representative from

---

[3]     Rodriguez also asks the Court to quash the deposition notice. (Dkt. No. 36 at 8.) The Court treats this request as request for a Rule 26 protective order entirely precluding PJ Hafiz from deposing her.

Defendant's insurer" to travel to Arizona and because PJ Hafiz's counsel intends to have Rodriguez annotate certain figures and exhibits at her deposition. (*Id.* at 5-6.)

There is a "general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue." *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 588 (D. Minn. 1999) (citations omitted). "At best, however, this is a general rule which is subject to exception, when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff, and its agents, outside of the forum District." *Id.*

Here, Rodriguez has not shown that requiring her to appear for her deposition in Minnesota would impose an unduly heavy burden. To demonstrate burden, Rodriguez initially relied on her IFP Application and certain "Stipulations" she sent to PJ Hafiz, in which she stated she has no cash, no assets, and no income (Dkt. No. 2), and no means of paying to travel from Flagstaff, Arizona to Minneapolis, Minnesota (Dkt. No. 38-1). The "Stipulations" were not supported by any specific evidence. As the Court noted in its June 26, 2019 Order, Rodriguez's IFP Application is over eight months old, and it is unclear whether the information it contains is current. (*See* Dkt. No. 44 at 1.) The Court also noted that "courts have denied motions for protective orders under similar circumstances where plaintiffs made conclusory statements regarding their limited

7

financial ability to travel to the forum state for a deposition without additional evidentiary support." (*Id.* at 1-2 (citations omitted).) In view of Rodriguez's *pro se* status, the Court provided her with an opportunity to supplement the record regarding her current financial condition on or before July 3, 2019. (*See id.* at 2 (requiring notarized affidavit or declaration that complies with the requirements of 28 U.S.C. § 1746 and supporting documentation).)

To date, however, Rodriguez has not supplemented the record regarding her current financial condition, nor has she requested more time to do so. Because Rodriguez has made only conclusory statements regarding her financial ability to travel to Minnesota for her deposition and has declined to supplement the record with supporting evidence, the Court finds Rodriguez has not shown that appearing for her deposition in Minnesota would impose a burden sufficient to justify the relief she seeks. *See, e.g.*, *Dieng v. Hilton Grand Vacations Co., LLC*, No. 2:10-cv-01723-LDG-PAL, 2011 WL 812165, at *2 (D. Nev. Mar. 1, 2011) ("Here . . . Plaintiff has not shown good cause to have her deposition taken in a jurisdiction other than the District of Nevada. She has made only a conclusory statement she has 'limited financial means to cover airfare, hotel, car rental, meals, parking, and other miscellaneous expenses' and has provided no supporting evidence.'"); *Birkland v. Courtyards Guest House*, No. CIV.A. 11-0349, 2011 WL 4738649, at *3 (E.D. La. Oct. 7, 2011) (denying motion for protective order where "[C]opies of Plaintiff's bank statements show he only has about $100 in his bank accounts. . . . However, after inquiring about the Plaintiff's marital status and his wife's occupation, Plaintiff's counsel advised the Court that Plaintiff is married, and that

8

Plaintiff's spouse works as a registered nurse. Under these circumstances, Plaintiff has not presented sufficient evidence of extreme hardship."); *Xavier v. Belfor USA Group, Inc.*, Civil Action Nos. 06-0491, 06-7804, 08-3736, 2009 WL 3231547, at *5 (E.D. La. Nov. 2, 2009) ("Moreover, the Court finds that generic and naked assertions by plaintiffs' counsel of undue hardship are inadequate—plaintiffs should have submitted affidavits with specific evidence of such hardship."). As to Rodriguez's request that the Court quash the deposition notice or otherwise preclude her deposition (Dkt. No. 36 at 7), in addition to the reasons stated above, the Court finds no "extraordinary circumstances" to preclude PJ Hafiz from taking her deposition altogether. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (citations omitted) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

Rodriguez requested in the alternative that she be deposed by written questions or other means. (Dkt. No. 36 at 1, 8.) The Court concludes that based on the current record, the use of written questions or video or telephonic means would not be suitable for "obtaining controversial testimony, such as from [the] plaintiff, because the inquirer cannot observe the impact of his or her questions, evaluate the witness' nonverbal responses, or be able to ascertain whether anyone is listening in or coaching the witness." *Dieng*, 2011 WL 812165, at *2. Finally, Rodriguez has not shown that the overall efficiency of the deposition process would be served by deposing her in Arizona. *See Archer-Daniels Midland*, 187 F.R.D. at 588. On the contrary, based on PJ Hafiz's representations, deposing Rodriguez in Arizona would require at least three people to

travel to Flagstaff for the deposition. (Dkt. No. 40 at 5-6.) Accordingly, the Court denies Rodriguez's Motion for Protective Order and Motion to Quash.[4] Rodriguez must appear for her deposition in Minnesota.

**C.     Settlement Conference and Schedule**

The Court notes that a settlement conference is currently scheduled for July 24, 2019 in this matter.[5] (Dkt. No. 16.) At the Rule 16 conference, PJ Hafiz emphasized that it believed it needed to depose Rodriguez before a settlement conference would be productive. In view of the current procedural posture of this case, the July 24 settlement conference is cancelled and will be rescheduled for a later date. Within seven (7) days of the date of this Order, the parties shall file on CM/ECF a letter providing the Court with the date of Rodriguez's deposition and identifying any remaining discovery that needs to be taken. The Court will set a status call to occur after the deposition to discuss the case schedule and the parties' position with respect to the timing of a settlement conference.

---

[4]     PJ Hafiz requests that the Court issue a prefatory warning to Rodriguez that if she does not appear at the deposition, she will be sanctioned with dismissal of this case. (Dkt. No. 40 at 8.) The Court declines to issue an advisory opinion as to the consequences that may result if Rodriguez does not appear for her deposition in Minnesota.

[5]     The Court previously denied Rodriguez's Motion to Appear Telephonically at the settlement conference (Dkt. No. 19) without prejudice as premature. (Dkt. No. 25.) This Order does not decide whether Rodriguez may or may not appear telephonically at a settlement conference in this matter.

## IV. ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff Jacqueline Rodriguez's Motion for Protective Order (Dkt. No. 36) is **DENIED.**

2. Rodriguez's Motion to Quash (Dkt. No. 37) is **DENIED**.

3. The Settlement Conference scheduled for July 24, 2019 is **CANCELLED** and will be rescheduled.

4. Within seven (7) days of the date of this Order, the parties shall file a letter on CM/ECF a letter providing the Court with the date of Rodriguez's deposition and identifying any remaining discovery that needs to be taken.

DATED: July 10, 2019 *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge